**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE UNITED STATES FOR THE USE AND BENEFIT OF MMS CONSTRUCTION & PAVING, L.L.C., an Oklahoma limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-10-1340-M |
| HEAD, INC., an Ohio corporation; WESTERN SURETY COMPANY, a South Dakota entity; and APAC-CENTRAL, INC., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

On February 16, 2012, following a four day jury trial, the jury returned a verdict in favor of plaintiff on its breach of contract claim and false representation/deceit claim against defendant Head, Inc. ("Head") and in favor of plaintiff on defendant Head's counterclaim against plaintiff for breach of contract. The jury also returned an advisory verdict in favor of plaintiff on its unjust enrichment claim against defendant Head and in favor of plaintiff on its unjust enrichment claim against defendant APAC-Central, Inc. ("APAC"). The jury awarded plaintiff damages in the sum of $651,575.65 as to its claim for breach of contract, awarded plaintiff damages in the sum of $150,000.00 as to its claim for false representation/deceit, awarded plaintiff damages in the sum of $350,000.00 as to its claim against defendant Head for unjust enrichment, and awarded plaintiff damages in the sum of $350,000.00 as to its claim against defendant APAC for unjust enrichment.

In light of the jury's verdict, the Court directed the parties to file briefs regarding plaintiff's equitable claim of unjust enrichment against defendant Head and plaintiff's equitable claim of unjust

enrichment against defendant APAC. On March 12, 2012, the parties filed their briefs, and on April 2, 2012, the parties filed their responses.[1]

The findings of an advisory jury are merely advisory, and the trial court must make its own findings. *See OCI Wyo., L.P. v. Pacificorp*, 479 F.3d 1199, 1206 (10th Cir. 2007). "While the district court may exercise its discretion to accept or reject the advisory jury's verdict, the advisory jury's decision is not binding on the district court and the district court has the 'ultimate responsibility' for deciding the case's legal and factual issues." *Id.*

I.  Unjust enrichment claim against defendant Head

Plaintiff brought an unjust enrichment claim against defendant Head for payment for the work plaintiff performed on the Project and the materials it delivered to the Project. *See* Complaint [docket no. 1] at ¶¶ 32-36; Final Pretrial Report [docket no. 60]; Jury Instruction No. 2, Statement of the Case [docket no. 77].

> Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain. Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment.

*Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006).

Because the jury found in favor of plaintiff on its breach of contract claim, the Court finds that plaintiff has been afforded an adequate remedy at law and, thus, may not recover on its

---

[1] In its brief, plaintiff also requests that the Court enter a judgment against defendant Western Surety Company. The Court did not direct the parties to address this issue in their briefs. Additionally, the Court would note that during the pretrial conference and the jury instruction conference, counsel for the parties agreed that defendant Western Surety Company would be liable on the payment bond for any amounts awarded to plaintiff on its breach of contract claim against defendant Head.

alternative unjust enrichment claim against defendant Head.  Specifically, the Court finds that the damages sought by plaintiff through its unjust enrichment claim – payment for the work plaintiff performed on the Project and the materials it delivered to the Project – have been compensated through the jury's verdict on plaintiff's breach of contract claim.  Further, while plaintiff asserts in its post-trial briefs that it sought damages, specifically the amount of profit obtained by defendant Head as a result of using plaintiff's mix design, for the unauthorized use of its mix design through its unjust enrichment claim against defendant Head, and that these damages were not encompassed within its breach of contract claim against defendant Head, the Court finds all of plaintiff's filings prior to trial – from its Complaint to the Final Pretrial Report – as well as the argument and testimony at trial clearly refutes plaintiff's assertion.  Plaintiff's unjust enrichment claim against defendant Head has never included damages for the unauthorized use of its mix design.

Accordingly, the Court finds that plaintiff is not entitled to judgment in its favor on its unjust enrichment claim against defendant Head.

II.     Unjust enrichment claim against defendant APAC

Plaintiff brought an unjust enrichment claim against defendant APAC based upon defendant APAC's use of the mix design created by plaintiff.  *See* Complaint at ¶¶ 55-58; Final Pretrial Report; Jury Instruction No. 2, Statement of the Case.  In order to recover on its claim for unjust enrichment against defendant APAC, plaintiff must prove, by a preponderance of the evidence, that defendant APAC received a benefit to it at the expense of plaintiff, and there is a resulting injustice, i.e., it would be contrary to equity and good conscience for defendant APAC to retain the benefit it received.  *See Teel v. Pub. Serv. Co. of Okla.*, 767 P.2d 391, 398 (Okla. 1985).

Having heard the testimony and evidence presented during the trial, the Court finds that plaintiff has proven that defendant APAC received a benefit to it at the expense of plaintiff and that there is a resulting injustice. Specifically, the Court finds that plaintiff has proven, by a preponderance of the evidence, that defendant APAC used the mix design created by plaintiff during defendant APAC's work on the Project and did not pay plaintiff any compensation for its use of the mix design. Defendant APAC also clearly benefitted from the use of the mix design created by plaintiff; defendant APAC did not have to spend the time or money to create a mix design of its own. The Court further finds that it would be contrary to equity and good conscience for defendant APAC to retain the benefit it received. Accordingly, the Court finds that plaintiff is entitled to judgment in its favor on its unjust enrichment claim against defendant APAC.

Having heard the testimony and evidence presented during the trial, the Court finds that plaintiff has proven damages in the amount of $1,750.00.[2] Specifically, the Court finds that the undisputed evidence shows that plaintiff paid $1,750.00 for the design mix. The Court, however, finds that sufficient evidence was not presented during the trial as to any value for the time plaintiff spent creating a mix design of its own and sufficient evidence was not presented as to any profit defendant APAC made as a result of its use of the design mix created by plaintiff. The Court, thus, finds that any award of damages as to plaintiff's time and defendant APAC's profits would be improper as such an award would be based upon speculation. *See Weyerhaeuser Co. v. Brantley*,

---

[2]The Court finds that the $1,750 plaintiff paid for the design mix is not included in the damages plaintiff sought and was awarded on its breach of contract claim against defendant Head. The Court, therefore, finds that an award of $1,750 in damages for plaintiff's unjust enrichment claim against defendant APAC would not constitute a double recovery.

510 F.3d 1256, 1267 (10th Cir. 2007) ("Oklahoma law prohibits recovery of damages that are uncertain and speculative.").

Accordingly, the Court finds that plaintiff is entitled to judgment on its unjust enrichment claim against defendant APAC in the amount of $1,750.00.

III.     Conclusion

For the reasons set forth above, the Court FINDS that plaintiff is not entitled to judgment in its favor on its unjust enrichment claim against defendant Head and that plaintiff is entitled to judgment on its unjust enrichment claim against defendant APAC in the amount of $1,750.00. The Court shall issue judgment in this case based upon the jury's verdict and the above findings forthwith.

**IT IS SO ORDERED this 24th day of April, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE