## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

THE UNITED STATES FOR THE USE  )
AND BENEFIT OF MMS  )
CONSTRUCTION & PAVING, L.L.C.,  )
an Oklahoma limited liability company,  )
   )
          Plaintiff,  )
   )
vs.  )     Case No. CIV-10-1340-M
   )
HEAD, INC., an Ohio corporation;  )
WESTERN SURETY COMPANY,  )
a South Dakota entity; and  )
APAC-CENTRAL, INC., a Delaware  )
Corporation,  )
   )
          Defendants.  )

## ORDER

Before the Court is defendants' Motion for Renewed Judgment as a Matter of Law or, Alternatively, for New Trial, filed May 22, 2012. On June 19, 2012, plaintiff filed its response, and on July 3, 2012, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Defendant Head, Inc. ("Head") was the general contractor under contract with the United States Army Corps of Engineers ("COE") to repair taxiways at Altus Air Force Base, Oklahoma ("the Project"). In November 2009, Head solicited a bid from plaintiff MMS Construction & Paving, L.L.C. ("MMS") for laying asphalt shoulders on the Project. On December 12, 2009, MMS emailed a bid to Head. At the time MMS emailed its bid, it had not seen the specifications for the Project.

Concerned about some of the COE's strict requirements after reviewing the specifications, MMS had a meeting on February 12, 2010 with Jim Head, the president of Head, to discuss issues with MMS's bid.  MMS alleges that at that meeting, Jim Head made a number of fraudulent representations.  On March 26, 2010, Head signed a letter agreement with MMS.  On or about May 1, 2010, MMS executed a subcontract with Head and thereafter sent the signed contract to Head, which Head received on May 28, 2010.  On August 16, 2010, MMS terminated the subcontract for failure of payment but offered to perform the work on different terms.  Defendant APAC-Central, Inc. ("APAC") succeeded MMS in performing some of the duties specified in the subcontract.

This case was tried to a jury on February 13, 2012 through February 16, 2012.  Head moved for a directed verdict pursuant to Federal Rule of Civil Procedure 50(a) at the close of MMS' case and again at the close of all the evidence.  The Court denied the motion both times.  After deliberation, the jury returned a verdict in favor of MMS and against Head on MMS' breach of contract claim and false representation/deceit claim, in favor of MMS and against Head on Head's counterclaim for breach of contract, and in favor of MMS and against APAC on MMS' unjust enrichment claim.[1]  The jury awarded plaintiff damages in the sum of $651,575.65 as to its breach of contract claim, awarded plaintiff damages in the sum of $150,000 as to its false representation/deceit claim, and awarded plaintiff damages in the sum of $350,000 as to its unjust enrichment claim, which was subsequently reduced by the Court to $1,750.  Additionally, based upon the parties' agreement that defendant Western Surety Company ("Western Surety") would be liable on the payment bond for any amounts awarded to MMS on its breach of contract claim against

---

[1]The jury also found in favor of MMS and against Head on MMS' unjust enrichment claim. On April 24, 2012, the Court entered an order finding that MMS was not entitled to judgment in its favor on its unjust enrichment claim against Head.

2

Head, judgment was entered in favor of MMS and against Western Surety in the amount of $651,575.65.

Defendants now move, pursuant to Federal Rule of Civil Procedure 50(b), for renewed judgment as a matter of law on MMS' claims and Head's breach of contract counterclaim. Alternatively, defendants move the Court to vacate the jury verdict and judgment and enter an order for a new trial pursuant to Federal Rules of Civil Procedure 50(b)(2) and 59(a).

II.     Applicable Standards

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations omitted). In considering a motion for judgment as a matter of law, the court should construe the evidence and inferences most favorably to the non-moving party. *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 976 (10th Cir. 1996).

"The decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987). In considering a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Joyce v. Davis*, 539 F.2d 1262, 1264 (10th Cir. 1976). "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). A new trial

is appropriate if the verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986) (internal citations omitted).

III.   Discussion

   A.   MMS' Breach of Contract Claim

Defendants contend that MMS failed to prove its claim for breach of contract. Specifically, defendants contend that MMS did not present any evidence demonstrating that Head failed to satisfy its obligations under the subcontract and that the evidence at trial established that MMS was not due any payments at the time it unilaterally terminated the subcontract. Defendants, thus, contend that the Court should grant judgment as a matter of law in favor of Head or, alternatively, should vacate the jury verdict as being against the weight of the evidence and order a new trial.

Viewing the evidence and inferences in the light most favorable to MMS, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding in favor of MMS on its breach of contract claim against Head and that the jury verdict in favor of MMS is not clearly, decidedly or overwhelmingly against the weight of the evidence. Specifically, the Court finds that there is a legally sufficient evidentiary basis to support a finding that Head failed to satisfy its obligations under the subcontract, specifically that Head failed to pay MMS the agreed upon monthly payments and/or failed to pay MMS the full amount due for mobilization. The Court further finds that there is a legally sufficient evidentiary basis to support a finding that MMS terminated the subcontract based, at least in part, upon Head's failure to pay. Accordingly, the Court finds that judgment as a matter of law should not be granted in favor of Head on MMS' breach of

contract claim and that the jury verdict on MMS' breach of contract claim should not be vacated as being against the weight of the evidence.

B.     MMS' Fraud Claim

Defendants contend that MMS failed to prove its fraud claim.  Specifically, defendants contend that MMS' fraud claim fails because Head did not make any false representations, MMS did not rely on any alleged false representations, and MMS waived its fraud claim by entering into the subcontract after it believed it had been "defrauded."

In order to establish its fraud claim, MMS was required to prove the following elements by clear and convincing evidence: (1) that Head made a material representation; (2) that it was false; (3) that Head made the representation when it knew the representation was false, or made the representation as a positive assertion recklessly, without any knowledge of its truth; (4) that Head made the representation with the intention that it should be acted upon by MMS; (5) that MMS acted in reliance upon it; and (6) that MMS thereby suffered injury.  *See Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176-77 (Okla. 1988); *F.D.I.C. v. Hamilton*, 122 F.3d 854, 858 (10th Cir. 1997). Viewing the evidence and inferences in the light most favorable to MMS, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding in favor of MMS on its fraud claim against Head.  Specifically, the Court finds that there is a legally sufficient evidentiary basis to support a finding that Head made a material representation that was false, that Head made the representation as a positive assertion recklessly, without any knowledge of its truth, and that MMS acted in reliance upon it.  The Court finds that there is legally sufficient evidence that Head's representations to MMS that they would not need a MTV and that the ride specs would not be enforced on the Project were false and that these representations were made recklessly and without

5

knowledge of their truth.  The Court further finds that there is legally sufficient evidence that MMS relied upon the above representations.

In order for MMS to have waived its fraud claim, both of the following must be established: (1) after MMS began to perform the contract, but before performance was completed, MMS learned what the actual facts were, and (2) nonetheless, with full knowledge of the actual facts, MMS thereafter continued to perform the contract, when a reasonably careful person under the same or similar circumstance would not have done so.  *See Auto. Ins. Co. of Hartford, Conn. v. Barnes-Manley Wet Wash Laundry Co.*, 168 F.2d 381, 384-85 (10th Cir. 1948); *Fiedler v. McKea Corp.*, 605 F.2d 542, 545 (10th Cir. 1979).  Viewing the evidence and inferences in the light most favorable to MMS, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding that MMS did not waive its fraud claim.  Specifically, the Court finds that there is a legally sufficient evidentiary basis to support a finding that a reasonably careful person under the same or similar circumstance would have also continued to perform the subcontract.

Accordingly, the Court finds that judgment as a matter of law should not be granted in favor of Head on MMS' fraud claim and that the jury verdict on MMS' fraud claim should not be vacated as being against the weight of the evidence.

C.    Damages

Defendants contend that the damages awards are not supported by the evidence and that the Court should vacate or significantly reduce these awards.  In relation to MMS' breach of contract claim, defendants contend that although MMS submitted a number of invoices in support of its claim for itemized damages, MMS provided no evidence establishing that all of the invoices were related to the Project.  Defendants further contend that MMS did not prove the costs reflected in the

invoices were the natural and proximate consequence of the alleged breach of the subcontract. Defendants also contend that MMS provided no evidence to support its claim for lost profits in the amount of $350,000. Viewing the evidence and inferences in the light most favorable to MMS, the Court finds there was legally sufficient evidence submitted to support the jury's damage award for MMS' breach of contract claim. Based upon the invoices submitted, as well as the testimony of MMS' witnesses, the Court finds there was legally sufficient evidence to support the amount of damages awarded for itemized damages and to establish that all of the invoices were related to the Project and were the natural and proximate consequence of the breach of the subcontract. Additionally, the Court finds that based upon the testimony of Mike Matthews, MMS' owner, there was legally sufficient evidence to support the amount of damages awarded for lost profits. Finally, the Court finds that the jury's damage award for MMS' breach of contract claim is not clearly, decidedly or overwhelmingly against the weight of the evidence.

In relation to MMS' fraud claim, defendants contend that MMS did not present any evidence that it suffered damages in the amount of $150,000 as a result of Head's alleged misrepresentations. Defendants further contend the jury's award for fraud damages constitutes an improper double recovery and should be vacated. Viewing the evidence and inferences in the light most favorable to MMS, the Court finds that the jury's damage award for MMS' fraud claim is not clearly, decidedly or overwhelmingly against the weight of the evidence. Specifically, the Court finds that there was legally sufficient evidence to support the amount of damages awarded for MMS' fraud claim. Additionally, the Court finds nothing to suggest that the jury's award was duplicative of its award for MMS' breach of contract claim.

D.      Head's Breach of Contract Counterclaim

Head filed a counterclaim against MMS for breach of contract as a result of MMS' alleged improper termination of the subcontract.  As set forth above, the Court finds that there is a legally sufficient evidentiary basis to support the jury's finding in favor of MMS on its breach of contract claim against Head and to support a finding that MMS properly terminated the subcontract.  In light of this finding, the Court finds that Head is not entitled to judgment as a matter of law on its breach of contract counterclaim.

E.      Western Surety

Western Surety contends that it is entitled to judgment as a matter of law because there is no record evidence to support any claim against it.  However, as set forth in footnote 1 in the Court's April 24, 2012 Order [docket no. 93], during the pretrial conference and jury instruction conference, the parties agreed that Western Surety would be liable on the payment bond for any amounts awarded to plaintiff on its breach of contract claim against Head.  In light of the parties' agreement, no evidence was submitted regarding this claim.   In their motion, Western Surety does not specifically dispute that such an agreement was entered into by the parties.  Based upon the parties' agreement, the Court finds that Western Surety is not entitled to judgment as a matter of law.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendants' Motion for Renewed Judgment as a Matter of Law or, Alternatively, for New Trial [docket no. 101].

**IT IS SO ORDERED this 26th day of February, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE