## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

THE UNITED STATES FOR THE USE       )
AND BENEFIT OF MMS                  )
CONSTRUCTION & PAVING, L.L.C.,      )
an Oklahoma limited liability company, )
                                    )
          Plaintiff,              )
                                    )
vs.                                 )     Case No. CIV-10-1340-M
                                    )
HEAD, INC., an Ohio corporation;    )
WESTERN SURETY COMPANY,             )
a South Dakota entity; and          )
APAC-CENTRAL, INC., a Delaware      )
corporation,                        )
                                    )
          Defendants.             )

## ORDER

Before the Court is plaintiff's Motion for Award of Attorneys Fees, filed May 8, 2012. On June 12, 2012, defendants filed their response, and on June 19, 2012, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This case involved a dispute arising from a construction project to repair taxiways at the Altus Air Force Base (the "Project"). Defendant Head, Inc. ("Head") was the general contractor on the Project, and plaintiff MMS Construction & Paving, L.L.C. ("MMS") was a subcontractor on the Project. MMS was responsible for laying asphalt shoulders on the Project. On or about February 4, 2010, Head furnished to the U.S. Army Corps of Engineers a Miller Act Payment Bond, upon which Head is the principal and defendant Western Surety Company ("Western Surety") is the surety. On August 16, 2010, MMS terminated the subcontract for failure of payment. Defendant

APAC-Central, Inc. ("APAC") succeeded MMS in performing some of the duties specified in the subcontract.

This case was tried to a jury on February 13, 2012 through February 16, 2012.  After deliberation, the jury returned a verdict in favor of MMS and against Head on MMS' breach of contract claim and false representation/deceit claim, in favor of MMS and against Head on Head's counterclaim for breach of contract, and in favor of MMS and against APAC on MMS' unjust enrichment claim.[1]  The jury awarded plaintiff damages in the sum of $651,575.65 as to its breach of contract claim, awarded plaintiff damages in the sum of $150,000 as to its false representation/deceit claim, and awarded plaintiff damages in the sum of $350,000 as to its unjust enrichment claim, which was subsequently reduced by the Court to $1,750.  Additionally, based upon the parties' agreement that Western Surety would be liable on the Miller Act Payment Bond for any amounts awarded to MMS on its breach of contract claim against Head, judgment was entered in favor of MMS and against Western Surety in the amount of $651,575.65.

II.    Discussion

MMS now moves the Court to assess attorney fees in the amount of $78,167.50 against Head and Western and $6,299.50 against APAC pursuant to Okla. Stat. tit. 12, § 936.  Specifically, MMS asserts that it is entitled to recover its reasonable attorney fees on each of its claims, except for its fraud claim.  Defendants contend that MMS is not entitled to an award of attorney fees.  Specifically, defendants contend that regardless of the label, all of MMS' claims arise under the

---

[1]The jury also found in favor of MMS and against Head on MMS' unjust enrichment claim. On April 24, 2012, the Court entered an order finding that MMS was not entitled to judgment in its favor on its unjust enrichment claim against Head.

Miller Act, which does not allow attorney fees.  Defendants further contend that even if § 936 did apply to this case, MMS still would not be entitled to the fees it is requesting.

      A.    <u>Entitlement to attorney fees</u>

The United States Supreme Court has held that the Miller Act does not provide attorney fees for the prevailing party.  *See F.D. Rich Co., Inc. v. United States for the Use of Indus. Lumber Co., Inc.*, 417 U.S. 116 (1974).  Absent a provision in the contract or payment bond awarding attorney fees, a Miller Act plaintiff may only recover attorney fees under one of the federally recognized "exceptions to the general principle that each party should bear the costs of its own legal representation." *Id.* at 129-130.  Specifically, "attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or where a successful litigant has conferred a substantial benefit on a class of persons and the court's shifting of fees operates to spread the cost proportionately among the members of the benefitted class." *Id.* *F.D. Rich*, however, does not prohibit an award of attorney fees under a state law claim over which a court has jurisdiction separate and apart from the Miller Act.  *See United States for the Use of Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 918-919 (5th Cir. 1998).

In the case at bar, the parties do not dispute that there is no provision in the subcontract at issue or the Miller Act Payment Bond awarding attorney fees.  Further, MMS does not contend that it is entitled to attorney fees based upon any of the above recognized exceptions.  Thus, to the extent MMS is seeking attorney fees for a Miller Act claim, the Court finds that MMS is not entitled to attorney fees.  In fact, in its reply, MMS concedes that it is not entitled to attorney fees in relation to its Miller Act claim against Western Surety.

MMS, however, asserts that its breach of contract claim and its unjust enrichment claim are state law claims over which this Court had jurisdiction based upon diversity and not the Miller Act. MMS, thus, contends it is not prohibited from receiving an award of attorney fees for these claims. Having reviewed the court file, and particularly MMS' Complaint, the Court finds that MMS' breach of contract claim and unjust enrichment claim are separate state law claims from its Miller Act claim against Western Surety and further finds that this Court has jurisdiction over those claims based upon diversity jurisdiction. In its Complaint, MMS relied on both diversity jurisdiction and jurisdiction pursuant to the Miller Act. *See* Complaint at ¶ 5. Additionally, the only claim that referenced the Miller Act was Count IV – Claim on the Miller Act Payment Bond. The Court, therefore, finds that *F.D. Rich* does not prohibit an award of attorney fees in relation to MMS' breach of contract claim and unjust enrichment claim, provided that MMS is entitled to attorney fees under Oklahoma law.

MMS asserts that its breach of contract claim and unjust enrichment claim fall within the terms of § 936.[2] Section 936(A) provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936(A). Having reviewed the parties' submissions, the Court finds that MMS' breach of contract claim clearly falls within the terms of § 936(A). Because the jury found in favor

---

[2] The Court would note that defendants do not contend that MMS' breach of contract claim does not fall within the scope of § 936.

of MMS on its breach of contract claim, as well as all of its other claims, the Court finds that MMS is the prevailing party. Additionally, the Court finds that MMS' breach of contract claim sought to recover for labor or services – specifically for MMS' labor and services related to it laying asphalt shoulders for the Project. Accordingly, the Court finds that MMS is entitled to attorney fees in relation to its breach of contract claim.

Regarding MMS' unjust enrichment claim, however, the Court finds that it does not fall within the terms of § 936(A). MMS' unjust enrichment claim against APAC is based upon APAC's use of the asphalt mix design created by plaintiff. The crux of MMS' claim is that APAC benefitted from the use of the mix design created by MMS without paying MMS for its use. MMS' unjust enrichment claim is not seeking to recover for labor or services rendered by MMS but to recover compensation for APAC's use of MMS' intangible property. Further, because there was no contract between MMS and APAC, MMS' unjust enrichment claim does not involve a contract relating to the purchase or sale of goods, wares, or merchandise. The Court, therefore, finds that MMS is not entitled to attorney fees in relation to its unjust enrichment claim.

B.    Apportionment and reasonableness of fees

Under Oklahoma law,

> [i]n a case involving multiple claims where prevailing party attorney fees are authorized for only one claim, the law dictates that the court "apportion" the fees so that attorney fees are awarded only for the claim for which there is authority to make the award.

*Tsotaddle v. Absentee Shawnee Hous. Auth.*, 20 P.3d 153, 162 (Okla. Civ. App. 2000). Further, "Oklahoma does not have an 'inextricably intertwined' theory upon which attorney fees do not have to be apportioned if the claims are closely related." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001-02 (10th Cir. 2008). Finally, "[a]n attorneys' fee applicant bears the burden of proving that

the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996).

As set forth above, the Court finds that MMS is entitled to attorney fees only as to its breach of contract claim against Head. Accordingly, the Court must apportion the fees so that attorney fees are awarded only for MMS' breach of contract claim. Further, MMS bears the burden of proving that the attorney fees it seeks are related to its breach of contract claim.

MMS asserts that it has provided a reasonable apportionment computation using its counsel's time records, subtracting work that was specific to non-fee claims from the total fees incurred. Defendants contend that MMS has not sufficiently attempted to apportion the claims and that given the volume of vague, block-billed time entries for which MMS seeks recovery, it is a difficult, if not impossible, task. Defendants further contend that because MMS failed to properly apportion its costs based upon the fee-bearing nature of the claims, the Court should apply a percentage reduction based upon the recovery on any given claim. Defendants also contend that any attorney fees for MMS' breach of contract claim should further be apportioned based upon the damages sought – alleging that the portion of the attorney fees representing the lost profits damages should be disallowed because lost profits damages do not fall within § 936.[3]

Having reviewed the parties' submissions, the Court finds that MMS, in neither its motion nor its reply, has set forth a sufficient apportionment of the requested attorney fees so that attorney fees will be awarded only for MMS' breach of contract claim and that this Court, therefore, must

---

[3]Defendants, however, do not challenge the reasonableness of MMS' attorneys' rates.

6

apportion the requested fees.[4]  First, the Court finds that any time entries that specifically relate to claims other than MMS' breach of contract claim should be excluded.  This would include any work on responding to defendants' motion for summary judgment, as that motion did not address the breach of contract claim at all, and any work on the post-trial briefs regarding the equitable claims. Having reviewed MMS' attorneys' time entries, the Court finds that attorney fees for the following time entries should be excluded from any attorney fee award: 8/16/2010 (Schneiter), 8/17/2010 (Schneiter), 8/18/2010 (Scimeca), 11/16/2010 (Smith), 11/17/2010 (Schneiter) (exclude .2 hours), 12/3/2010 (Chansolme), 12/3/2010 (Schneiter) (exclude ½), 12/7/2010 (Chansolme), 12/9/2010 (Schneiter) (exclude ⅓), 12/10/2010 (Schneiter) (exclude ½), 7/22/2011 (Schneiter), 8/2/2011 (Schneiter), 8/3/2011 (Schneiter) (exclude ¼), 8/8/2011 (Smith), 8/9/2011 (Schneiter), 8/10/2011 (Schneiter) (exclude ½), 8/11/2011 (Schneiter), 8/11/2011 (Smith), 8/12/2011 (Schneiter), 8/12/2011 (Smith), 8/24/2011 (Schneiter) (exclude ¼), 8/30/2011 (Schneiter) (exclude ⅓), 10/18/2011 (Schneiter) (exclude ½), 1/26/2012 (Schneiter), 2/20/2012 (Smith) (1st entry), 2/20/2012 (Smith) (3rd entry), 2/22/2012 (Schneiter), 2/23/2012 (Schneiter), 2/27/2012 (Schneiter), 2/28/2012 (Schneiter), 3/7/2012 (Schneiter), 3/8/2012 (Schneiter), 3/9/2012 (Schneiter), 3/13/2012 (Schneiter), 3/15/2012 (Schneiter), 3/26/2012 (Smith), 3/27/2012 (Schneiter), 3/27/2012 (Smith) (1st entry), 3/27/2012 (Smith) (2nd entry), 3/28/2012 (Schneiter), 3/29/2012 (Schneiter), 3/30/2012 (Schneiter), 3/30/2012 (Smith), 4/2/2012 (Schneiter), 4/2/2012 (Smith), 4/3/2012 (Schneiter), 4/5/2012 (Schneiter), and 4/24/2012 (Schneiter) (exclude .9 hours).[5]

---

[4]In making its apportionment, the Court will use the time entries set forth on pages 1-16 of Exhibit A to Lance E. Schneiter's Declaration in Support of Plaintiff's Motion for Attorneys' Fees. The total attorney fees for these time entries is $82,023.00.

[5]The total attorney fees to be excluded based upon these time entries is $14,438.50.

Next, the Court finds that any attorney fees for MMS' breach of contract claim should not be further apportioned based upon the damages sought.  While MMS did seek damages for both out-of-pocket costs and lost profits, the Court finds that the damages element of MMS' breach of contract claim would have constituted a fairly small portion of any work performed on the breach of contract claim and that the time spent specifically in relation to lost profits damages would have been a small portion of any work in relation to the damages element.  Accordingly, the Court finds no basis to further reduce any award of attorney fees for MMS' breach of contract claim based upon the damages sought.

Finally, having reviewed MMS' attorneys' time entries, the Court find MMS has failed to meet its burden of proving that all of the attorney fees it seeks are related to its breach of contract claim.  The Court finds that while a great deal of discovery, pretrial work, trial preparation, and trial time would involve issues that related to MMS' breach of contract claim, as well as MMS' other claims, there would be some issues, and hence time spent on these issues, which would only relate to MMS' non-fee bearing claims.  MMS has made no real attempt to apportion the majority of the time entries, i.e., reducing the amount by a certain percentage, to account for these issues.  Further, all but a very few of the time entries are "block billed," making it quite difficult to properly apportion any attorney fee award.

> Block billing or "lumping" occurs when an attorney records time spent on various tasks on a given day but does not indicate the amount of time spent on each specific task.  Block billing creates problems for the court reviewing a fee application.  First, it does [not] fulfill the fee applicant's obligation to submit "detailed time records" because time entries do not identify how much time was spent on each task.  This prevents the court from determining if a reasonable amount of time was expended on certain work.  In addition, where a case involves both claims for which attorney fees may be awarded and others for which an award is not permissible, lumping prevents

the court from determining which time is compensable and which is
not.

*Okla. Natural Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263 (N.D. Okla. 2004).  Further,

"where block billing makes it difficult, if not impossible, for the Court to determine the amount of

time spent on specific tasks, a general reduction in attorney fees may be warranted."  *Id.* at 1264

(citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).  Accordingly, in light

of the above, the Court finds that a general 10% reduction will be used to compensate for block

billing and to further apportion to account for time spent on non-fee bearing claims.

Therefore, applying the apportionment and reductions set forth above, the Court finds that

MMS is entitled to an award of attorney fees in the amount of $60,826.05.[6]

III.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART MMS'

Motion for Award of Attorneys Fees [docket no. 95] and AWARDS MMS attorney fees in the

amount of $60,826.05 against Head.

**IT IS SO ORDERED this 6th day of March, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6]The Court arrived at this amount by first subtracting $14,438.50 (the specific time entries the Court has found should be excluded) from $82,023.00, resulting in $67,584.50.  The Court then reduced $67,584.50 by 10% ($6,758.45), resulting in a final award of $60,826.05.